IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BONNIE HAGMAIER, ET AL., ) | CIVIL NO. 14-00487 LEK-RLP |
| ) | |
| Plaintiffs, ) | FINDINGS AND RECOMMENDATION TO |
| ) | GRANT DEFENDANT BILL |
| vs. ) | BYNAROWICZ'S PETITION FOR |
| ) | DETERMINATION OF GOOD FAITH |
| BILL BYNAROWICZ; MARRIOTT ) | SETTLEMENT |
| RESORT HOSPITALITY ) | |
| CORPORATION; ESSEX HOUSE ) | |
| CONDOMINIUM CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT BILL BYNAROWICZ'S
PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT[1]

Before the Court is Defendant Bill Bynarowicz's Petition for Determination of Good Faith Settlement, filed on November 13, 2015 ("Petition"). ECF No. 61. The Petition seeks approval of the settlement between Plaintiffs and Defendant Bill Bynarowicz pursuant to Hawaii Revised Statutes Section 663-15.5. Defendants Marriott Resort Hospitality Corporation and Essex House Condominium Corporation (collectively the "Marriott Defendants"), filed a Statement of No Position to the Petition on November 23, 2015. ECF No. 69. Because no objections to the Petition were filed, the Court vacated the hearing set for

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

December 21, 2015, and found this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d).  ECF No. 76.  After carefully considering the submissions of the parties and the relevant legal authority, the Court FINDS and RECOMMENDS that Defendant Bynarowicz's Petition be GRANTED for the reasons set forth below.

BACKGROUND

This action arises out of personal injuries sustained by Plaintiffs while they were renting a timeshare unit at the Kauai Beach Club from Defendant Bynarowicz.  See ECF No. 50.  Plaintiffs allege that Defendant Bynarowicz was the owner of the timeshare unit and that the Marriott Defendants coordinated the rental and were responsible for the maintenance of the timeshare unit.  Id. ¶¶ 2-4.  Plaintiffs assert various negligence claims against Defendants.  Id. ¶¶ 9-30.  Defendant Bynarowicz asserted a crossclaim against the Marriott Defendants.  See ECF No. 38.  The Marriott Defendants also asserted a crossclaim against Defendant Bynarowicz.  See ECF No. 52.

In the present Petition, Defendant Bynarowicz seeks a determination of good faith settlement pursuant to Hawaii Revised Statutes Section 663-15.5.  Defendant Bynarowicz and Plaintiffs have agreed to settle pursuant to the terms of a Release and Indemnification Agreement, which was filed under seal.  See ECF No. 73.

## DISCUSSION

A finding of good faith settlement (1) discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all crossclaims against the settling joint tortfeasor, except where there is a written indemnity agreement.  Haw. Rev. Stat. § 663-15.5(a) and (d).

In determining whether parties have entered into a good faith settlement, the court must consider the "totality of the circumstances" including:

> (1) the type of case and difficulty of proof at trial . . .;
>
> (2) the realistic approximation of total damages that the plaintiff seeks;
>
> (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;
>
> (4) the predicted expense of litigation;
>
> (5) the relative degree of fault of the settling tortfeasors;
>
> (6) the amount of consideration paid to settle the claims;

>     (7) the insurance policy limits and solvency of the joint tortfeasors;
>
>     (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and
>
>     (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Troyer v. Adams, 77 P.3d 83, 111 (Haw. 2003).

An agreement to settle a claim is made in good faith when the totality of circumstances reflects that the settlement was not collusive or aimed at injuring the interests of the non-settling parties. Id. Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment. Whirlpool Corp. v. CIT Grp./Bus. Credit, Inc., 293 F. Supp. 2d 1144, 1154 (D. Haw. 2003). The non-settling defendant has the burden of proof that the settlement agreement was not reached in good faith. Haw. Rev. Stat. § 663-15.5(b).

Given the totality of the circumstances and the absence of opposition, the Court finds that Plaintiffs and Defendant Bynarowicz entered into settlement in good faith. The Court has reviewed the factors set forth in Troyer v. Adams and the material terms of the settlement and finds that the essential terms of the settlement meet the purpose of Section 663-15.5 and are reasonable and in good faith.

<u>CONCLUSION</u>

After careful consideration of the Petition, the lack of opposition thereto, and the totality of the circumstances, the Court FINDS that the settlement between Plaintiffs and Defendant Bynarowicz was in good faith under Hawaii Revised Statutes Section 663-15.5 and RECOMMENDS that Defendant Bill Bynarowicz's Petition for Determination of Good Faith Settlement be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 11, 2015.



_____
Richard L. Puglisi
United States Magistrate Judge

**HAGMAIER, ET AL. V. BYNAROWICZ, ET AL.; CIVIL NO. 14-00487 LEK-RLP; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT BILL BYNAROWICZ'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**